UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE J. VISNER,

    Plaintiff,

v.

MICHIGAN STATE POLICE, *et al.*,

    Defendants.

_____/

Case No. 5:19-cv-11466
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

**REPORT AND RECOMMENDATION TO GRANT AS UNOPPOSED DEFENDANT MICHIGAN STATE POLICE'S MOTION TO DISMISS (ECF No. 15) PLAINTIFF'S COMPLAINT (ECF No. 1)**

**I.     RECOMMENDATION**:  The Court should **GRANT AS UNOPPOSED** Defendant Michigan State Police's October 2, 2019 motion (ECF No. 15) to dismiss Plaintiff's complaint (ECF No. 1).

**II.    REPORT:**

    **A.     Background**

Plaintiff Theodore J. Visner is currently incarcerated at Parnall Correctional Facility (SMT) in Jackson, Michigan.  (ECF No. 1, PageID.13; https://www.michigan.gov/corrections/, "Offender Search.")  On May 20, 2019, while housed at SMT, Plaintiff filed the instant prisoner civil rights lawsuit, *in pro per*, against five Defendants: (1) the Michigan State Police (MSP); (2) the MSP

Commander; (3) the Michigan Intelligence Operations Center (MIOC); (4) the MIOC Commander; and (5) the Law Enforcement Information Network (LEIN) Director. (*See* ECF No. 1, ¶¶ 16, 22-23, 28-30, 33.) He alleges a variety of constitutional claims related to the creation of an officer safety caution (OSC) about him and a raid conducted at his home on October 11, 2017. (ECF No. 1, ¶¶ 1, 7-10, 13-34.)

The Court entered an order on June 3, 2019, granting Plaintiff's application to proceed without prepaying fees and costs (ECF No. 6), and on June 26, 2019, Judge Levy referred this case to me for pretrial matters (ECF No. 9). On June 28, 2019, Plaintiff was given notice to provide the correct addresses for Defendants in order to effectuate service (ECF No. 10), to which Plaintiff responded on July 16, 2019, with addresses for the MSP, MSP Commander, LEIN and the LEIN Network Director, but not the MIOC or the MIOC Director (ECF No. 11). To date, the only Defendant to appear is the MSP. (ECF Nos. 13 & 14.) The MSP Commander and the LEIN Director have not returned executed waivers of service or appeared, and Plaintiff has failed to provide addresses for the MIOC or the MIOC Commander in order to effectuate service.

### B. Instant Motion

Currently before the Court is Defendant MSP's October 2, 2019 motion to

dismiss pursuant to Fed. R. Civ. P 12(b)(6). (ECF No. 15.) The MSP argues that Plaintiff's case against it should be dismissed because, as a state agency, it is immune from suit in federal court under the Eleventh Amendment. (ECF No. 15, PageID.47-51.) The Court originally ordered Plaintiff to respond to the motion by November 4, 2019 (ECF No. 16), but granted, by text-only order, Plaintiff's motion (ECF No. 17) to extend the time for filing his response to December 4, 2019.

### C. Discussion

#### 1. This motion is unopposed.

The instant motion to dismiss is a dispositive motion filed pursuant to Fed. R. Civ. P. 12(b)(6). E.D. Mich. LR 7.1(e)(1)(A). "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1).

As provided above, the Court ordered Plaintiff to respond to the motion by November 4, 2019, and then extended the deadline by a month, to December 4, 2019. To date, Plaintiff has not filed a response. Thus, Defendant MSP's motion to dismiss is unopposed. A motion to dismiss which is unopposed may be granted on that basis alone. *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F.App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the

district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."); *Burdick v. Anthony*, No. 1:06-cv-2687, 2007 WL 275968, at *1 (N.D. Ohio Jan. 26, 2007) ("The district court's power to grant motions to dismiss because they are unopposed is firmly settled.") (citations omitted).

### 2. Conclusion

Ordinarily, the Court would engage in summaries of the factual allegations upon which Plaintiff's operative pleading is based (ECF No. 1, ¶¶ 7-31), discuss the claims for relief (ECF No. 1, ¶¶ A-G), and then address Defendant MSP's argument on the merits (ECF No. 15, PageID.47-51). However, it is unnecessary to do so here. In sum, as set forth above, the Court should **GRANT AS UNOPPOSED** Defendant MSP's October 2, 2019 motion (ECF No. 15) to dismiss Plaintiff's complaint (ECF No. 1).

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d

4

505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: December 30, 2019         s/*Anthony P. Patti*
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document has been sent to parties of record on 12/30/19, electronically and/or by U.S. Mail.

                                                s/Michael Williams
                                                Case Manager for the
                                                Honorable Anthony P. Patti