# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Theodore J. Visner,

              Plaintiffs,      Case No. 19-11466

v.                                     Judith E. Levy
                                     United States District Judge

Michigan State Police, et al.,

                                     Mag. Judge Anthony P. Patti

            Defendants.

_____/

# OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [22] AND GRANTING DEFENDANT MICHIGAN STATE POLICE'S MOTION TO DISMISS [15]

This is a prisoner civil rights case. Plaintiff Theodore Visner filed a *pro se* complaint on May 20, 2019. (ECF No. 1.) He alleges a variety of claims against five Defendants: (1) the Michigan State Police (MSP); (2) the MSP Commander; (3) the Michigan Intelligence Operations Center (MIOC); (4) the MIOC Commander; and (5) the Law Enforcement Information Network (LEIN) Director. (*Id.*)

On October 2, 2019, Defendant MSP moved to dismiss Plaintiff's complaint on the grounds that MSP, as a state agency, is immune from

suit in federal court under the Eleventh Amendment. (ECF No. 15, PageID.47–51.) Plaintiff was ordered to respond by November 4, 2019. (ECF No. 16). On November 1, 2019, Plaintiff moved to extend the deadline for his response until December 4, 2019. (ECF No. 17.) The Court granted Plaintiff's motion.

Plaintiff did not file a response by the December 4 deadline. Eastern District of Michigan Local Rule 7.1(c)(1) provides that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." On December 30, 2019, Magistrate Judge Anthony Patti issued a Report and Recommendation (R&R) recommending that Defendant MSP's motion to dismiss be granted as unopposed. (ECF No. 22.) The Magistrate Judge relies on *Humphrey v. U.S. Att'y Gen.'s Office* for the proposition that a district court may grant a motion to dismiss when it is unopposed on that basis alone. 279 F.App'x 328, 331 (6th Cir. 2008).

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local 72.1(d), any objections to the R&R must have been filed within fourteen days of service. On January 16, 2020—three days after the fourteen-day deadline had passed—Plaintiff filed a

procedural objection to the R&R, alleging that the certificate of service for the R&R was postmarked January 7, 2020. (ECF No. 23, PageID.74.) Plaintiff requested additional time to file substantive objections to the R&R. (*Id.*) On January 17, 2020, the Court granted Plaintiff an additional fourteen days, until January 31, 2020, to file any objections. (ECF No. 24.)

Although Plaintiff has since filed two new motions in this case (ECF Nos. 25, 26), he did not file any objections to the R&R by the January 31 deadline. The Court, having considered Defendant MSP's motion to dismiss and the R&R, adopts the R&R in part and grants the motion.

The Court does not grant Defendant MSP's motion to dismiss for the sole reason that it is unopposed. In *Carver v. Bunch*, the Sixth Circuit held that, particularly where *pro se* litigants are concerned, the dismissal of a complaint on the sole ground that a plaintiff fails to respond to a motion to dismiss pursuant to a local rule—as the R&R does here with respect to Eastern District of Michigan Local Rule 7.1(c)(1)—conflicts with Federal Rule of Civil Procedure 41(b). 946 F.2d 451, 455. The court held that district courts must, at a minimum, examine the 12(b)(6) motion to dismiss prior to dismissing a complaint. *Id. Carver* is a

published Sixth Circuit opinion that is binding on this Court; *Humphrey*, on which the R&R relies, is unpublished and only persuasive. The Court therefore considers the merits of Defendant MSP's motion to dismiss despite Plaintiff's failure to file a response.

Defendant MSP argues that, as a state agency, it is immune from suit under the Eleventh Amendment. Defendant is correct. The Eleventh Amendment reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI. In *Alabama v. Pugh*, the Supreme Court held that "there can be no doubt" that suits against a state or state agency are barred by the Eleventh Amendment absent consent by the state. 438 U.S. 781, 782 (1978). The Court has affirmed that the Eleventh Amendment bars suits regardless of the relief sought. *Cory v. White*, 457 U.S. 85, 90–91 (1982). And the Court has repeatedly held that a state is also immune to suit from its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 10 (1890); *see also Edelman v. Jordan*, 415 U.S. 651, 662 (1974) (citing *Hans*, 134 U.S. at 10). The Michigan Department of State Police is a statutorily created department of the executive branch of the State of Michigan. Mich. Comp.

Laws § 16.260; Mich. Comp. Laws § 28.2. The State of Michigan has not consented to civil rights suits in federal court. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Therefore, Defendant MSP is entitled to Eleventh Amendment immunity from Plaintiff's claims.

The Court adopts the R&R's conclusion—granting Defendant MSP's motion to dismiss—but declines to adopt its reasoning. Because Defendant MSP is immune from suit as a state agency, Plaintiff's claims against it must be dismissed. Accordingly,

The Report and Recommendation (ECF No. 22) is **ADOPTED IN PART**.

Defendant Michigan State Police's Motion to Dismiss (ECF No. 15) is **GRANTED**.

Plaintiff's claims against Defendant Michigan State Police are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

Dated: February 3, 2020         s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 3, 2020.

s/William Barkholz<br>
WILLIAM BARKHOLZ<br>
Case Manager