UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE JOSEPH
VISNER,

              Plaintiff,

v.

MICHIGAN STATE POLICE,
*et al*.,

              Defendants.

_____/

Case No. 5:19-cv-11466
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER DENYING THE VARIOUS FORMS OF RELIEF
SOUGHT IN PLAINTIFF'S JANUARY 17, 2020 MOTION (ECF No. 25) and
DENYING PLAINTIFF'S JANUARY 31, 2020 MOTION FOR COURT
APPOINTED COUNSEL (ECF No. 26)**

## I.    OPINION

### A.    Background

This case concerns a Michigan State Police (MSP) Officer Safety Caution

(OSC).  (ECF No. 1, PageID.7.)  Distribution of an OSC to non-law enforcement

entities is "restricted without the consent and prior approval of the MIOC

[Michigan Intelligence Operation Center] Commander."  (*Id*.)  The MIOC "known

as a fusion center -- provides 24-hours a day statewide information sharing among

local, state, and federal public safety agencies and private sector organizations in

order to facilitate the collection, analysis and dissemination of intelligence relevant

to terrorism and public safety." *See* https://www.michigan.gov/msp/0,4643,7-123-72297_72370_72382---,00.html (last visited June 15, 2020).

On or about June 30, 2016, the MSP issued an OSC, which, *inter alia*, describes Theodore Joseph Visner as "a possible domestic extremist with violent tendencies." (*Id.*) Ultimately, the OSC warns that "Officers should exercise due caution when approaching this individual." (*Id.*) The factual allegations underlying Plaintiff's complaint stem from an alleged October 11, 2017 raid of Visner's home (856 W. Cody Estey Rd., Pinconning, Michigan in Bay County), after which Visner discovered the OSC. (ECF No. 1, PageID.2 ¶¶ 7-8.) Additionally, Plaintiff mentions an August 8, 2018 raid. (ECF No. 1, PageID.15 ¶ 26B.)

On December 10, 2018, Visner was sentenced in state court for various felony firearms offenses. *See* www.michigan.gov/corrections, "Offender Search." *See also* Case Nos. 1710630-FH-HG (Bay County), 1710631-FH-HG (Bay County), and 1710632-FH-HG (Bay County). When Visner initiated this lawsuit on May 20, 2019, he was incarcerated at the MDOC's Parnall Correctional Facility (SMT). (ECF No. 1, PageID.13.)

**B.     Plaintiff's initial complaint names six Defendants.**

Plaintiff claims the OSC "was created without due process and without any means of appeal or rebuttal." (*Id.*, ¶ 9.) He also contends that it was created in

2

retaliation for his "reporting of police crimes spanning back to 2010 . . . [,]" such

as the "theft" of his family's Grand Rapids and Mount Pleasant homes.  (ECF No.

1, PageID.3 ¶¶ 10-12.)[1]  Plaintiff contends that, "[a]ccording to the MSP, MIOC &

LEIN," the information in the OSC "constitutes a final judgment that is not subject

to rebuttal or appeal and is supposed to be maintained outside the public's

knowledge and in secret."  (ECF No. 1, PageID.4 ¶ 23; *see also* ECF No. 1,

PageID.3-6, 15 ¶¶ 13-31.)

      Visner filed this "OSC case" against six Defendants:  (1) the Michigan State

Police (MSP); (2) the MSP Director/Commander (presumably Col. Joseph

Gasper); (3) the MIOC; (4) the MIOC Director/Commander; (5) the Law

Enforcement Information Network (LEIN);[2] and, (6) the LIEN

Director/Commander.  (ECF No. 1, PageID.2 ¶¶ 5, 6.)  Plaintiff sets forth causes of

action and a prayer for relief.  (ECF No. 1, PageID.6, 13, 15.)  Significantly, he

signed the complaint under penalty of perjury.  (ECF No. 1, PageID.14.)

---

[1] Incidentally, these properties are located in Kent County and Isabella County, respectively, neither of which is located within the Eastern District of Michigan. E.D. Mich. LR 83.10(a) ("Counties and Places of Holding Court").

[2] The Michigan Law Enforcement Information Network (LEIN) is "a statewide computerized information system, which was established July 1, 1967, as a service to Michigan's criminal justice agencies.  . . . Access to LEIN is restricted to criminal justice agencies or those agencies statutorily granted authorization."  *See* https://www.michigan.gov/msp/0,4643,7-123-3493_72291---,00.html (last visited June 15, 2020).

**C.      Five of the six Defendants have yet to appear.**

The Court has granted Plaintiff's application to proceed *in forma pauperis*.

(ECF Nos. 2, 6.)  On June 24, 2019, the Court entered an order directing service

without prepayment of costs and authorizing the United States Marshal to collect

costs after service is made.  (ECF No. 8).  Shortly thereafter, the Clerk of the Court

issued a notice to provide correct addresses for Defendant(s).  (ECF No. 10.)

In July 2019, Plaintiff filed an answer, which:  (1) provided the MSP

Headquarters address (7150 Harris Drive, Dimondale, Michigan 48821) as the

address for Defendants MSP, MSP Commander, LEIN, and LEIN Director;[3] (2) set

forth a phone number and e-mail address for Defendants MIOC and MIOC

Director, claiming the address to be "unlisted;" and, (3) understandably, listed the

information for "Jane & John Does" as "unknown."  (ECF No. 11, PageID.33.)

On August 1, 2019, the United States Marshal Service (USMS)

acknowledged receipt of documents for service of process, although it appears the

USMS only received waivers of service for three Defendants – MSP Commander,

MSP, and LEIN Director.  (ECF No. 12.)  Defendant MSP has returned an

executed waiver of the service of summons (ECF No. 13), and appearances of

---

[3] *See* https://www.michigan.gov/msp/0,4643,7-123-1579_1656---,00.html (last
visited June 16, 2020).

counsel have been entered on behalf of the MSP (ECF Nos. 14, 18-19; *see also*

ECF No. 20).

On February 3, 2020, Judge Levy entered an order adopting the

Undersigned's report and recommendation in part and granting Defendant MSP's

motion to dismiss.  (ECF No. 27.)  To date, the remaining, named Defendants –

MSP Commander/Director, MIOC, MIOC Commander/Director, LEIN, and LEIN

Commander/Director – have yet to appear.

### D.    Pending Motions

Notwithstanding Plaintiff's objection to the use of United States Magistrate

Judges, U.S. District Judge Levy has referred this case to me for pretrial matters, as

28 U.S.C. § 636(b)(1) permits her to do.  (ECF Nos. 7, 9.)  Currently before the

Court are:  **(1)** Plaintiff's January 17, 2020 motion seeking multiple forms of relief

(ECF No. 25); and, **(2)** Plaintiff's January 31, 2020 motion for court appointed

counsel (ECF No. 26).

### E.    Discussion

#### 1.    Proof of service objections

Plaintiff also takes issue with the December 30, 2019 certificates of service

for the Undersigned's same-day order and report and recommendation.  (ECF Nos.

21, 22.)  Plaintiff claims these items were post-marked January 7, 2020 and

stamped received by the prison on January 9, 2020.  (ECF No. 25, PageID.79.)

Plaintiff's request for related sanctions (ECF No. 25, PageID.79-80) is

**DENIED**.  First, Plaintiff filed an objection to the "faulty certificate of service,"

(ECF No. 23), in response to which Judge Levy entered an order extending the

time for Visner to file objections to the report and recommendation (ECF No. 22).

(ECF No. 24.)  Second, as evidenced below, the Court is construing Plaintiff's

January 17, 2020 motion – dated January 13, 2020 (ECF No. 25) – as a timely

response to the show cause order (ECF No. 21) and has further addressed

Plaintiff's concern about that order's omission of Defendant LEIN.

### 2.      Service upon the remaining five Defendants

On December 30, 2019, the Court entered an order, which required Plaintiff

to show cause for his failure to effect service over Defendant MSP Commander,

Defendant MIOC, Defendant MIOC Commander, and the LEIN Director.  (ECF

No. 21.)  Of particular import is the following portion of that order:

> As more than 90 days have elapsed since Plaintiff filed his complaint
> on May 20, 2019, the Court **ORDERS** Plaintiff to **SHOW CAUSE
> IN WRITING ON OR BEFORE Monday, January 13, 2020**, why
> the Court should not dismiss Defendants the Michigan State Police
> Commander, the LEIN Director, the MIOC, and the MIOC
> Commander from this action and why the Court should allow an
> additional extension of time to effect service.  If Plaintiff intends to
> make the argument that the USMS should reattempt service, he should
> provide current, accurate addresses for all four of the above
> Defendants (the two for whom he previously provided addresses and
> the two for whom he did not) and, where possible, identify the
> individuals he seeks to serve.  In the event that Plaintiff fails to
> establish good cause, the Court will issue a Report and

> Recommendation that Plaintiff's claims against the above Defendants
> be dismissed without prejudice.

(ECF No. 21, PageID.66-67 (emphases in original).)

In response, Plaintiff asks that the Court appoint an investigator "to perfect

or to help perfect service upon the Defendants."  (ECF No. 25, PageID.80.)

Plaintiff also requests that the Court "encourage USMS to serve" the remaining

five Defendants – MSP Director (Col. Joseph Gasper), the MIOC, MIOC

Commander (1st Lt. David Eddy), LEIN, and the LEIN

Director/Commander/Boss, each at MSP Headquarters (7150 Harris Drive,

Dimondale, Michigan 48821).  (ECF No. 25, PageID.80-81.)

Plaintiff's service-related requests for appointment of an investigator and

further assistance from the USMS are **DENIED**.  In response to the Court's June

24, 2019 order directing "the United States Marshal to serve the appropriate papers

in this case on defendant(s) without prepayment of the costs for such service[,]"

(ECF No. 8), the USMS did so – at least as to MSP, MSP Commander, and LEIN

Director, apparently by mailing waivers on August 6, 2019 (ECF Nos. 12, 13).  To

date, only Defendant MSP has appeared.  (ECF Nos. 13, 14, 15, 18, 19.)  While

nearly 400 days have passed since Plaintiff initiated this case on May 20, 2019,

which is well more than the 90-day period set forth in Fed. R. Civ. P. 4(m) ("Time

Limit for Service."), Plaintiff is no longer in the MDOC's custody, and the

COVID-19 pandemic has wreaked havoc upon the USMS's ability to efficiently

7

facilitate service on behalf of IFP Plaintiffs.  Thus, it should now be easier for him

to investigate and/or make his own attempts at service upon the five remaining

Defendants, perhaps even before the USMS will be able to do so.

### 3.    Entry of Default or Default Judgment

Plaintiff believes that Defendants "are already in default for waiving service

and failing to answer."  (ECF No. 25, PageID. 80.)  "When a party against whom a

judgment for affirmative relief is sought has failed to plead or otherwise defend,

and that failure is shown by affidavit or otherwise, the clerk must enter the party's

default."  Fed. R. Civ. P. 55(a).  Plaintiff also seems to request relief under Fed. R.

Civ. P. 55(b) ("Entering a Default Judgment.").  (*Id.*)

The Court **DENIES** any request for entry of default or default judgment.  As

set forth in Defendant MSP's waiver of the service of summons, it had until "60

days from August 6, 2019," *i.e.*, Saturday, October 5, 2019, by which to file and

serve an answer or a Rule 12 motion.  (ECF No. 13.)  MSP filed its motion to

dismiss on October 2, 2019.  (ECF No. 15.)  Therefore, entry of default is

inappropriate as to Defendant MSP.

Also, the record currently before the Court does not reveal whether service

has been properly effected as to the yet-to-appear Defendants – MSP Director,

MIOC, MIOC Commander, LEIN, or LEIN Commander/Director.  The

appearances of counsel are only on behalf of Defendant MSP.  (ECF Nos. 14, 18,

19.) Moreover, the USMS has not informed the Court that the apparent August 6, 2019 attempts at service upon the MSP Commander or the LEIN Director (ECF No. 12, PageID.36, 38) were either returned as undeliverable or successfully delivered. Accordingly, entry of default is also inappropriate as to any of the Defendants who have yet to appear.

### 4. Adding Jane & John Doe Defendants and MSP Facebook Operator(s)

In July 2019, when Plaintiff provided the Court with contact information for the six named Defendants, Plaintiff also noted that information for Jane & John Does was then "unknown." (ECF No. 11, PageID.33.) In his January 2020 motion, Plaintiff seeks to add Defendants – Jane and John Doe as the 7th and 8th Defendants and the "MSP Facebook Operator(s)" (ECF No. 25, PageID.80.)

Plaintiff's request to add these Defendants is **DENIED**. Preliminarily, these Defendants are not listed in the caption of the original complaint. Fed. R. Civ. P. 10(a). Thus, the Court assumes this is a request to amend or supplement the original complaint in accordance with Fed. R. Civ. P. 15. However, even though "[t]he court should freely give leave when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), Plaintiff's January 2020, bare-boned request to add Defendants (ECF No. 25, PageID.80) does not provide the Court with any detail about the claims against these proposed parties. Therefore, the Court cannot evaluate the propriety of adding them. *See also Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438,

456 n.4 (2009) ("Normally, an amended complaint supersedes the original

complaint."), E.D. Mich. 15.1 ("Form of a Motion to Amend and Its Supporting

Documentation").

### 5.      Motion to amend or supplement pleading

Plaintiff also seeks to "add Defendants in this case but under a

different/individual cause of action [although] contained within this action due to

the related aspects."  (ECF NO. 25, PageID.81.)  Stated otherwise, Plaintiff

submits "an individual complaint . . . to be filed" in the instant case.  (ECF No. 25,

PageID.82.)

Plaintiff's request to append Kent County claims and Defendants to this case

is **DENIED**.  The accompanying, 13-page complaint names Attorney Edward

Winkler, Kent County Defendants, East Grand Rapids Defendants, and the current

occupants of 1647 Franklin St., East Grand Rapids, MI.  (ECF No. 51, PageID.83-

95.)  The proposed pleading also lists some unidentified Defendants and their title

and real estate companies.  (*Id*.)  Yet, even though Plaintiff's original complaint

mentions this particular property (ECF No. 1, PageID.3 ¶ 10), claims or

Defendants associated with Kent County are not properly brought in the Eastern

District of Michigan.  Instead, such claims should be filed in the Western District

of Michigan.  *See*, *e.g.*, W.D. Mich. LR 3.2.  Indeed, this conclusion is buttressed

by the proposed pleading's question, "Can Kent Co. government create counterfeit

deeds so that lawyers can steal property without violating criminal law?"  (ECF No. 25, PageID.83.)

### 6.    Court appointed counsel

Plaintiff's motion seeking multiple forms of relief includes a request for the appointment of counsel.  (ECF No. 25, PageID.80.)  In a separate motion for Court appointed counsel, Plaintiff contends that there are "complex legal issues involved with this ten[-]year running state retaliation claim[,]" and that he "has had no formal training in the law."  (ECF No. 26, PageID.97.)  He expects "[f]urther retaliation . . . that could include . . . being murdered/killed."  (*Id*.)  Plaintiff requests that the Court appoint counsel for the purposes of consolidating cases, addressing joinder issues, addressing injunctive and declaratory relief, and negotiating settlement.  (*Id*.)

### a.    Standard

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter.  Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may request* an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to *recruit*

*counsel* under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (citations omitted).[4] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

---

[4] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

### b. Analysis

Plaintiff's requests for the appointment of counsel (ECF Nos. 25, PageID.80; ECF No. 26, PageID.97) are **DENIED** at this time. Even if recruitment of counsel were warranted by the merit of Plaintiff's claims, the nature of this case, and/or the complexity of the legal and factual issues raised, this lawsuit is currently at a stand-still, because: (i) none of the remaining five Defendants has appeared; and, (ii) Plaintiff's address of record is inaccurate. Also, thus far, the Court is not concerned about Plaintiff's ability to represent himself. Notwithstanding Plaintiff's allegation that he lacks formal legal training, the Court is able to read the operative pleading (ECF No. 1), the Court has granted his application to proceed *in forma pauperis* (ECF Nos. 2, 6), Plaintiff responded to the Court's notice (ECF Nos. 10-11), the Court granted his motion to expand time (ECF No. 17) and the Court understands Plaintiff's main concerns and requests for relief. While it may be true that Plaintiff lacks legal training, this is not a unique situation

13

for *pro se* litigants, the overwhelming majority of whom are nonlawyers. That fact

alone is not enough to warrant recruitment of *pro bono* counsel from the limited

pool available. The Court also does not find this case to be particularly complex

within the panoply of cases on its docket.

Moreover, Plaintiff's requests for assistance of counsel with other, specific

tasks are unconvincing. Plaintiff lists five other cases that he seeks to consolidate

with this case, but each of those has been terminated.[5] Also, Plaintiff seeks

assistance with "joinder issues," but he is not specific with this request, *i.e.*,

whether he seeks to join claims (Fed. R. Civ. P 18) and/or parties (Fed. Rules Civ.

P. 19-21). Finally, Plaintiff requests assistance with "injunctive and declaratory

relief" and "settlement negotiations," and he raises additional vague concerns,

including a non-specific belief that "without this Court's injunctive relief and

declaratory relief [it] is expected to result in other and further harms to this

Plaintiff that could include the loss of his life" and "[f]urther retaliation" including

---

[5] Plaintiff is or was a party to several other cases in this Court. *See Visner v. Stewart, et al.*, Case No. 4:19-cv-11232-MFL-RSW (E.D. Mich.) (prisoner civil rights, terminated 1/29/20); *Visner v. Gatza, et al.*, Case No. 2:19-cv-11289-LJM-PTM (E.D. Mich.) (prisoner civil rights, terminated 5/29/19); *Visner v. Braman*, Case No. 2:19-cv-11424-AJT-RSW (E.D. Mich.) (habeas corpus, terminated 6/12/19); *Visner v. Janes, et al.*, Case No. 2:19-cv-11487-GCS-DRG (E.D. Mich.) (prisoner civil rights, terminated 8/22/19); *Visner v. Walsh, et al.*, Case No. 2:19-cv-11775-SJM-APP (E.D. Mich.) (prisoner civil rights, terminated 6/25/19). *See also Rouse, et al. v. Barr, et al.*, Case No. 2:19-cv-13468-LJM-RSW (E.D. Mich.) (prisoner civil rights, filed 11/22/19).

"being murdered/killed."  (ECF No. 25, PageID.81; ECF No. 26, PageID.97.)

However, not only is the case at a standstill, but also, even if injunctive relief were

warranted, there is no defendant currently before the Court as to whom such relief

can be required and nothing specific enough to warrant other judicial intervention.

### F.      Plaintiff's Contact Information is Inaccurate.

Plaintiff's most recent filing in this case is his motion for court appointed

counsel, which is post-marked January 29, 2020 and bears a return address of

SMT.  (ECF No. 26, PageID.98.)  Although SMT is Plaintiff's address of record in

this case, OTIS notes that Visner (#526348) was discharged from MDOC custody

on May 7, 2020, *i.e.*, approximately three months after his latest filing in this case.

*See* www.michigan.gov/corrections, "Offender Search."  In other words, Visner "is

no longer under the jurisdiction of the Michigan Department of Corrections for that

sentence."  *See*  http://mdocweb.state.mi.us/OTIS2/aboutotis2.aspx#Dischrg (last

visited June 16, 2020).

Thus, there is good reason to believe that Plaintiff's address of record with

this Court is inaccurate.  At the outset of this case, the Court entered a notice

regarding parties' responsibility to notify court of address change.  (ECF No. 3.)

Moreover, the local rules of this Court provide:

> Every attorney and every party not represented by an attorney must
> include his or her contact information consisting of his or her address,
> e-mail address, and telephone number on the first paper that person
> files in a case.  If there is a change in the contact information, that

person *promptly* must file and serve a notice with the new contact information.  The failure to file *promptly* current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. LR 11.2 ("Failure to Provide Notification of Change of Address")

(emphases added).

To date, the docket does not contain a notice of change of address/contact

information, which subjects Visner to the possibilities of "dismissal, default

judgment, and costs."  E.D. Mich. LR 11.2.

## II.   ORDER

For the reasons stated above, the various forms of relief sought in Plaintiff's

January 17, 2020 motion (ECF No. 25) and Plaintiff's January 31, 2020 motion for

court appointed counsel (ECF No. 26) are **DENIED**.

Unfortunately, the Clerk of the Court has no choice but to mail Plaintiff's

copy of this order to SMT, which address the Court knows to be inaccurate.

Nonetheless, if Plaintiff receives his copy of this order within 28 U.S.C. § 636's

objection period, then he may file a written request to extend the period for service

under Fed. R. Civ. P. 4(m) as to the five remaining Defendants.  Plaintiff is hereby

warned that, if Section 636's objection period expires without further action, then

the Undersigned will recommend that this case be dismissed for failure to comply

with E.D. Mich. LR 11.2 and/or for his failure to prosecute.

Finally, in the event Plaintiff wishes to seek the assistance of counsel, the Court points Plaintiff's attention to the Federal Pro Se Legal Assistance Clinic, information regarding which may be accessed via the Court's website.  *See* http://www.mied.uscourts.gov/PDFFIles/Pro_Se_Clinic_2019.pdf.   To determine if he is eligible for assistance, Plaintiff may contact the Federal *Pro Se* Legal Assistance Clinic at (313) 234-2690 or at proseclinic@udmercy.edu.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

**IT IS SO ORDERED.**

Dated:   June 22, 2020                     s/*Anthony P. Patti*
                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE

17