UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE JOSEPH VISNER,

        Plaintiff,

v.

MICHIGAN STATE POLICE, *et al.*,

      Defendants.

_____/

Case No. 5:19-cv-11466
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 1)

**I.**    **RECOMMENDATION**:  The Court should **DISMISS** Plaintiff's complaint (ECF No. 1) as to the remaining five Defendants.

**II.**    **REPORT:**

    **A.**    **Background**

On December 10, 2018, Theodore Joseph Visner was sentenced in state court for multiple felony firearm offenses.  *See* Case Nos. 1710630-FH-HG, 1710631-FH-HG, 1710632-FH-HG (Bay County).  In 2019, he filed seven lawsuits in this Court, including the instant matter and one that included multiple *pro se* prisoner plaintiffs.  All of his prior lawsuits were dismissed or ended in judgment for the defendants.  *See*, *e.g.*, *Visner v. Stewart, et al.*, Case No. 4:19-cv-11232-MFL-RSW (E.D. Mich.) (dismissed without prejudice Jan. 29, 2020); *Visner v.*

*Gatza et al.*, Case No. 2:19-cv-11289-LJM-PTM (judgment entered May 29, 2019); *Visner v. Braman*, Case No. 2:19-cv-11424-AJT-RSW (E.D. Mich.) (petition for writ of habeas corpus, judgment entered June 12, 2019, and Case No. 19-2328 (6th Cir. Feb. 4. 2020)); *Visner v. Janes et al.*, Case No. 2:19-cv-11487-GCS-DRG (E.D. Mich.) (judgment entered Aug. 22, 2019); *Visner v. Walsh, et al.*, Case No. 2:19-cv-11775-SJM-APP (E.D. Mich.) (dismissed June 25, 2019); and, *Rouse et al. v. Barr et al.*, Case No. 2:19-cv-13468-LJM-RSW (E.D. Mich.) (judgment entered June 23, 2020, notice of appeal July 21, 2020).

### B.    Plaintiff's instant complaint names six Defendants.

On May 20, 2019, while housed at the MDOC's Parnall Correctional Facility (SMT), Theodore Joseph Visner filed the instant prisoner civil rights lawsuit, *in pro per*, against six Defendants: (1) the Michigan State Police (MSP); (2) the MSP Commander; (3) the Michigan Intelligence Operations Center (MIOC); (4) the MIOC Commander; (5) the Law Enforcement Information Network (LEIN); and, (6) the LEIN Director.  (*See* ECF No. 1, PageID.1-2 ¶¶ 5-6.) He alleges a variety of constitutional claims related to, *inter alia*:  (1) the alleged "theft of … two homes," one in Grand Rapids, MI and another in Mount Pleasant, MI, seemingly during 2010; (2) the creation of an officer safety caution (OSC) about him; and (3) an alleged October 11, 2017 raid conducted at his home – 856

2

W. Cody Estey Rd., Pinconning, MI; and, (4) another raid allegedly conducted on August 8, 2018.  (ECF No. 1, ¶¶ 1-2, 7-34.)  Plaintiff signed his complaint under penalty of perjury.  (ECF No. 1, PageID.14.)

### C.   MSP is the only Defendant to have appeared.

In June 2019, the Court entered orders waiving prepayment of the filing fee and directing payment of the initial partial filing fee and subsequent payments (ECF No. 6), directing service without prepayment of costs and authorizing the United States Marshals Service (USMS) to collect costs after service is made (ECF No. 8), and referring this case to me for pretrial matters (ECF No. 9).  Moreover, Plaintiff was given notice to provide the correct addresses for Defendants in order to effectuate service.  (ECF No. 10.)

Plaintiff responded with addresses for the MSP, MSP Commander, LEIN and the LEIN Network Director, but with only phone numbers and emails for the MIOC and MIOC Director.  (ECF No. 11.)  On August 1, 2019, the USMS acknowledged receipt of paperwork for service upon the MSP Commander, the MSP, and the LEIN Director (ECF No. 12), *i.e.*, only three of the six defendants.  It appears that the "Notice Of A Lawsuit And Request To Waive Service Of A Summons" was mailed on August 6, 2019.  (ECF Nos. 12-13.)

To date, MSP is the only Defendant to have appeared.  (ECF Nos. 13, 14, 18

& 19.)

### D.    MSP has been terminated as a Defendant.

On October 2, 2019, Defendant MSP filed a motion to dismiss.  (ECF No.

15.)  On December 30, 2019, I entered a report, which recommended that the Court

grant Defendant MSP's motion as unopposed.  (ECF No. 22.)  A copy was served

upon Plaintiff at SMT.

On February 3, 2020, after extending the time to object, Judge Levy

entered an opinion and order adopting in part my report and recommendation and

granting Defendant MSP's motion to dismiss.  (ECF No. 27.)  Accordingly, MSP

was terminated as a Defendant.

### E.    Despite the Court's assistance and direction and the USMS's efforts, the five remaining Defendants have yet to appear.

As noted above, upon receipt of Plaintiff's complaint, the Court entered

several orders and a notice to assist Plaintiff, such as an order granting him

permission to proceed *in forma pauperis* (ECF No. 6) and directives intended to

facilitate service of a summons and complaint upon Defendants (ECF Nos. 5, 8,

10).  Plaintiff provided four of six address, and the USMS acknowledged receipt of

service paperwork for three of the Defendants.  (ECF Nos. 11, 12.)

On December 30, 2019, recognizing that the time for service under Fed. R.

4

Civ. P. 4(m) had expired, I entered an order to show cause for failure to effect

service over Defendants the MSP Commander, the MIOC, the MIOC Commander,

and the LEIN Director.  (ECF No. 21.)  Among other things, the order noted:  "the

time for service has expired, and Defendants the Michigan State Police

Commander and the LEIN Director have not returned executed waivers of service

or appeared, nor has Plaintiff provided addresses for Defendants the MIOC or the

MIOC Commander in order to effectuate service."  (*Id.*, PageID.65-66.)[1]  The

order required Plaintiff to show cause "why the Court should not dismiss

Defendants the Michigan State Police Commander, the LEIN Director, the MIOC,

and the MIOC Commander from this action and why the Court should allow an

additional extension of time to effect service."  (*Id.*, PageID.66.)

Plaintiff's response was due on January 13, 2020.  (*Id.*)  In January 2020,

Plaintiff filed three matters, one of which contained multiple requests – including:

(1) appointment of an investigator "to perfect or to help perfect service upon the

Defendants[;]" and, (2) encouragement of the USMS to serve the five remaining

Defendants, each allegedly located at 7150 Harris Drive, Dimondale, MI 48821.[2]

---

[1] To date, there is no indication on the docket that any waiver was returned *unexecuted*.

[2] This is the address of MSP Headquarters.  *See*

5

(ECF No. 25, PageID.80-81; *see also* ECF Nos. 23, 26.)  Also, Plaintiff contended that "Defendants are already in default for waiving service and failing to answer." (ECF No. 25, PageID.80.)

On May 7, 2020, Plaintiff was discharged from the MDOC's custody.  (*See* https://www.michigan.gov/corrections/, "Offender Search.")  Plaintiff informed the Court of his change of address – c/o Michigan Justice League, 856 W Cody Estey Road, Pinconning, MI 48650 – via a notice that was post-marked June 1, 2020 but which was not docketed until June 23, 2020.  (ECF No. 29.)

### F.    Plaintiff has not responded to the Court's June 22, 2020 order, which was re-served on July 6, 2020.

On June 22, 2020, I entered an opinion and order denying the various forms of relief sought in Plaintiff's January 17, 2020 motion (ECF No. 25) and denying Plaintiff's January 31, 2020 motion for court appointed counsel (ECF No. 26). (ECF No. 28.)[3]  Of particular import is the following portion of that order, which

---

https://www.michigan.gov/msp/0,4643,7-123--330194--,00.html (last visited Oct. 6, 2020).

[3] This order briefly mentions Plaintiff's June 13, 2019 filing, wherein Plaintiff made several requests.  (ECF No. 7.)  The Court's June 22, 2020 order dealt with one such matter – namely Plaintiff's objection to Judge Levy using Magistrate Judges.  (*See* ECF No. 28, PageID.109.)  As for any of Plaintiff's other June 2019 requests – such as waiving or setting aside the filling fee (payment of which effects his ability to pay for copies of the complaint as discussed in the Court's May 29,

concerned service upon the five remaining Defendants:

> Plaintiff's service-related requests for appointment of an investigator
> and further assistance from the USMS are **DENIED**.  In response to
> the Court's June 24, 2019 order directing "the United States Marshal
> to serve the appropriate papers in this case on defendant(s) without
> prepayment of the costs for such service[,]" (ECF No. 8), the USMS
> did so – at least as to MSP, MSP Commander, and LEIN Director,
> apparently by mailing waivers on August 6, 2019 (ECF Nos. 12, 13).
> To date, only Defendant MSP has appeared. (ECF Nos. 13, 14, 15, 18,
> 19.)  While nearly 400 days have passed since Plaintiff initiated this
> case on May 20, 2019, which is well more than the 90-day period set
> forth in Fed. R. Civ. P. 4(m) ("Time Limit for Service."), Plaintiff is
> no longer in the MDOC's custody, and the COVID-19 pandemic has
> wreaked havoc upon the USMS's ability to efficiently facilitate
> service on behalf of IFP Plaintiffs.  Thus, it should now be easier for
> him to investigate and/or make his own attempts at service upon the
> five remaining Defendants, perhaps even before the USMS will be
> able to do so.

(ECF No. 28, PageID.111-112 (underlining added).)  Importantly, the order also

noted:

> Unfortunately, the Clerk of the Court has no choice but to mail
> Plaintiff's copy of this order to SMT, which address the Court knows
> to be inaccurate.  Nonetheless, if Plaintiff receives his copy of this
> order within 28 U.S.C. § 636's objection period, then he may file a
> written request to extend the period for service under Fed. R. Civ. P.

---

2019 order [ECF No. 5]), getting a copy of this Court's Local Rules, and sending
information regarding court-appointed counsel and investigators (*see* ECF No. 7,
PageID.27-28) – these requests should be made under separate cover *and* in
accordance with this E.D. Mich. LR 7.1 ("Motion Practice").  Nonetheless, the
Court will note that some of the requested information – *i.e.*, the E.D. Mich. Local
Rules or materials on "Representing Yourself" – is accessible at
www.mied.uscourts.gov.

7

4(m) as to the five remaining Defendants. <u>Plaintiff is hereby warned that, if Section 636's objection period expires without further action, then the Undersigned will recommend that this case be dismissed for failure to comply with E.D. Mich. LR 11.2 and/or for his failure to prosecute.</u>

(*Id*., PageID.120 (underlining in original).)

To be clear, at the time the Court filed this order, Plaintiff's address change had yet to be docketed; therefore, a copy of the order was served upon Plaintiff at SMT. Understandably, it was returned to the Court. (ECF No. 30.) On July 6, 2020, another copy of the order was served upon Plaintiff at his updated address. In the two months since the re-service, nothing has been filed.

**G. Conclusion**

This lawsuit was filed in May 2019, more than 500 days ago. Notwithstanding the involvement of this Court and the USMS, as outlined above, the five remaining Defendants have yet to appear. Plaintiff is no longer in MDOC custody, and the Court's most recent order denied Plaintiff's service-related requests and also alluded to the COVID-19 pandemic's effect upon the USMS's ability to efficiently facilitate service on behalf of IFP Plaintiffs. (ECF No. 28, PageID.111-112.) Therefore, it was reasonable for the Court to expect Plaintiff's participation in effecting service of process and to provide warning that the absence of further action would result in a recommendation to dismiss the case.

Plaintiff having failed to respond in any way to the Court's latest order, the Court should **DISMISS** Plaintiff's complaint (ECF No. 1) as to the remaining five Defendants.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

9

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.*  If the Court determines that any objections are without

merit, it may rule without awaiting the response.


Dated: October 7, 2020

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

10